UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TERESA JANE TAYLOR,

       Plaintiff,

                                          Civil Action 2:14-cv-254
     v.                             Judge Michael H. Watson
                                          Magistrate Judge Elizabeth P. Deavers

ATTORNEY GENERAL
MIKE DEWINE, *et al.*,

       Defendants.

## INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, Teresa Jane Taylor, an Ohio resident who is proceeding without the assistance of counsel, brings this action to obtain injunctive relief against the enforcement of Ohio's vexatious litigator statute, Ohio Revised Code § 2323.52, as well as reinstatement of a number of her state-court actions. Plaintiff also sets forth various state-law claims which she maintains the state court allegedly denied her access to assert. This matter before the United States Magistrate Judge for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action for failure to assert any claim with an arguable basis in law over which this Court has subject matter jurisdiction.

**I.**

According to Plaintiff's Complaint (ECF No. 1-1) and Plaintiff's Supplemental Notice to the Court (ECF No. 5), former Ohio Attorney General Marc Dann "stopped" all of her lawsuits and declared her a vexatious litigator.  (Compl. 6, ECF No. 1-1.)  Plaintiff indicates that the affected lawsuits involved "issues of child support, domestic violence, a civil rights issue, a long-term child molestation issue, among other violent sex crime[s] and violent issues."  (*Id*.) She alleges that she was also denied access to file a state-law tort action against Defendant Mcilvain.  Plaintiff alleges that she sustained serious bodily injury when Defendant Mcilvain ran over her with his vehicle.

In addition to Defendants Dann and Mcilvain, Plaintiff names several state-court judges, a police officer, and former Ohio State University President Gordon Gee.  She alleges that the state-court judges denied her the right to bring her lawsuits against these Defendants because she had been found to be a vexatious litigator.  She alleges that Officer Bartolic failed to conduct a proper investigation of an accident scene and that he improperly wrote her a ticket for jaywalking.  Finally, Plaintiff alleges that Defendant Gee "refused to protect [her] and her children" because he "refused to prosecute an elderly man who sexually assaulted [her] as she walked around the arboretum at school . . . ."  (*Id*. at 8.)

In the "Notice to the Court" Plaintiff filed after her Complaint, she characterizes this action as a "'USC 42, 1983' complaint of 'Deprivation of Rights Under Color of Law.'"  (Pl.'s Notice to the Court 1, ECF No. 5.)  Plaintiff also clarifies that in terms of relief, she "is seeking relief from the injunction of having been declared a 'vexatious litigator' and to have all previous matters affected by this injunction reinstated," as well as "seeking monetary relief from previous Attorney General Marc Dann, . . . Greg Mcilvain[, and] Ohio State University."  (*Id.*)  Plaintiff

2

adds that she "will politely request this court to determine the relief afforded by law by the remaining defendants here, Judges Brown, Weiss, Spitler, and deputy Bartolic." (*Id*.)

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>     *        *        *
>
>     (B) the action or appeal--
>
>         (i) is frivolous or malicious;
>
>         (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

---

[1]Formerly 28 U.S.C. § 1915(d).

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

4

Additionally, when the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3).  *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

### III.

Plaintiff's Complaint does not satisfy Rule 8(a)(1) because it fails to assert any claim with an arguable basis in law over which this Court has subject matter jurisdiction.  The Undersigned analyzes the various claims Plaintiff advances in turn.

**A.      Claims Relating to the State Court's Designation of Plaintiff as a Vexatious Litigator**

Plaintiff's Complaint lacks clarity and contains numerous seemingly irrelevant allegations and exhibits.  As best the Court can discern, Plaintiff is seeking relief from the state-court's determination that she is a vexatious litigator under Ohio Revised Code § 2323.52, as well as reinstatement of a number of actions that the state courts dismissed pursuant to her vexatious-litigator designation.  To the extent Plaintiff seeks to attack or appeal the state-court determinations, the *Rooker-Feldman* doctrine bars her claims.  *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983).

"The *Rooker-Feldman* doctrine embodies the notion that appellate review of state-court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009).  The *Rooker-Feldman* doctrine applies to cases

"brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005). "The pertinent question in determining whether a federal district court is precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state-court judgment." *In re Cook*, 551 F.3d at 548.

Applied here, to the extent Plaintiff is seeking to void the state-court's designation of her as a vexatious litigator and to overturn the state-courts' denial of leave to proceed on the basis of this designation, *Rooker-Feldman* applies because the sources of Plaintiff's injuries are the state-court's determinations. *See Evans v. Cordray*, 424 F. App'x 537, 538 (6th Cir. 2011) ("If the source of the plaintiff's injury is the state-court judgment itself, then the *Rooker-Feldman* doctrine bars the federal claim." (citation omitted)); *Hamilton v. Herr*, 540 F.3d 367, 372 (6th Cir. 2008) (same); *cf. Hall v. Callahan*, 727 F.3d 450, 454 (6th Cir. 2013) (affirming district court's determination that *Rooker Feldman* barred the plaintiffs' claims seeking a declaration that the state-court's judgment was void, explaining "[i]t would have been impossible to void the state court judgment without 'disturbing' it.")

To the extent Plaintiff seeks to assert a claim for relief under 42 U.S.C. § 1983, her action also fails. Plaintiff fails to identify any federal statute that Ohio's vexatious-litigator statute violates. Moreover, in *Hall*, the United States Court of Appeals for the Sixth Circuit rejected a facial constitutional challenge to Ohio's vexatious-litigator statute, explaining that "although access to courts is a fundamental right, the ability to file frivolous lawsuits is not." 727 F.3d at 456 (citations omitted). Finally, Plaintiff has not alleged facts supporting an as-applied

challenge to the statute.  Indeed, beyond generically referring to § 1983, Plaintiff fails to offer any allegations supporting a constitutional challenge.

For the foregoing reasons, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims relating to the state court's designation of her as a vexatious litigator.  This includes Plaintiff's claims against Defendants DeWine, Dann, and Judges Brown, Weist, and Spitler.

**B.      Plaintiff's Remaining Claims**

The remainder of Plaintiff's Complaint also fails to provide a basis for federal jurisdiction.  The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).  Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under" the federal laws or the United States Constitution.  *Id*. (citation omitted).  For a federal court to have diversity jurisdiction pursuant to Section 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000.  *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Plaintiff's claims against the remaining Defendants, Defendants Mcilvaine, Bartolic, and Gee do not satisfy § 1331 because they do not involve alleged violations of federal statutes or alleged deprivations of constitutional rights.  Nor do the remaining state-law claims satisfy § 1332(a) given that she advances them against Ohio citizens.  Because Plaintiff's remaining claims against Defendants Mcilvaine, Bartolic, and Gee provide no basis for federal jurisdiction, it is **RECOMMENDED** that the Court **DISMISS** these claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 12(h)(3) **WITHOUT PREJUDICE** to filing in state court.

**IV.**

For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 12(h)(3) **WITHOUT PREJUDICE** to filing the state-law claims in state court.

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**


Date:  April 9, 2014                                       /s/ *Elizabeth A. Preston Deavers*
                                                            Elizabeth A. Preston Deavers
                                                            United States Magistrate Judge