UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Teresa Jane Taylor,

    Plaintiff,

    v.

Attorney General
Mike DeWine, *et al.*,

    Defendants.

Case No. 2:14–cv–254
Judge Michael H. Watson
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

Plaintiff, Teresa Jane Taylor, a Florida resident who is proceeding without the assistance of counsel, brings this action to obtain injunctive relief against the enforcement of Ohio's vexatious litigator statute, Ohio Revised Code § 2323.52, as well as reinstatement of a number of her state-court actions. Plaintiff also seeks to assert various state-law claims that she maintains the state court denied her access to assert. This matter is before the Court for consideration of the United States Magistrate Judge's April 9, 2014 Report and Recommendation (ECF No. 7) and Plaintiff's Objections to the R&R (ECF No. 10). For the reasons that follow, the Court **OVERRULES** two of Plaintiff's Objections, **ADOPTS** the Report and Recommendation in part, and **DISMISSES** this action for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

## I. BACKGROUND

The Magistrate Judge accurately summarized the allegations Plaintiff set forth in her Complaint as follows:

> According to Plaintiff's Complaint (ECF No. 1-1) and Plaintiff's Supplemental Notice to the Court (ECF No. 5), former Ohio Attorney General Marc Dann "stopped" all of her lawsuits and declared her a vexatious litigator. (Compl. 6, ECF No. 1-1.) Plaintiff indicates that the affected lawsuits involved "issues of child support, domestic violence, a civil rights issue, a long-term child molestation issue, among other violent sex crime[s] and violent issues." (*Id.*) She alleges that she was also denied access to file a state-law tort action against Defendant Mcilvain. Plaintiff alleges that she sustained serious bodily injury when Defendant Mcilvain ran over her with his vehicle.
>
> In addition to Defendants Dann and Mcilvain, Plaintiff names several state-court judges, a police officer, and former Ohio State University President Gordon Gee. She alleges that the state-court judges denied her the right to bring her lawsuits against these Defendants because she had been found to be a vexatious litigator. She alleges that Officer Bartolic failed to conduct a proper investigation of an accident scene and that he improperly wrote her a ticket for jaywalking. Finally, Plaintiff alleges that Defendant Gee "refused to protect [her] and her children" because he "refused to prosecute an elderly man who sexually assaulted [her] as she walked around the arboretum at school . . . ." (*Id.* at 8.)
>
> In the "Notice to the Court" Plaintiff filed after her Complaint, she characterizes this action as a "'USC 42, 1983' complaint of 'Deprivation of Rights Under Color of Law.'" (Pl.'s Notice to the Court 1, ECF No. 5.) Plaintiff also clarifies that in terms of relief, she "is seeking relief from the injunction of having been declared a 'vexatious litigator' and to have all previous matters affected by this injunction reinstated," as well as "seeking monetary relief from previous Attorney General Marc Dann, . . . Greg Mcilvain[, and] Ohio State University." (*Id.*) Plaintiff adds that she "will politely request this court to determine the relief afforded by law by the remaining defendants here, Judges Brown, Weiss, Spitler, and deputy Bartolic." (*Id.*)

(R&R 2-3, ECF No. 7.)

In the R&R, the Magistrate Judge recommended dismissal of Plaintiff's claims relating to the state court's designation of her as a vexatious litigator, reasoning as follows:

> Plaintiff's Complaint lacks clarity and contains numerous seemingly irrelevant allegations and exhibits. As best the Court can discern, Plaintiff is seeking relief from the state-court's determination that she is a vexatious litigator under Ohio Revised Code § 2323.52, as well as reinstatement of a number of actions that the state courts dismissed pursuant to her vexatious-litigator designation. To the extent Plaintiff seeks to attack or appeal the state-court determinations, the *Rooker-Feldman* doctrine bars her claims. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983).
>
> "The *Rooker-Feldman* doctrine embodies the notion that appellate review of state-court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). The *Rooker-Feldman* doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005). "The pertinent question in determining whether a federal district court is precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state-court judgment." *In re Cook*, 551 F.3d at 548.
>
> Applied here, to the extent Plaintiff is seeking to void the state-court's designation of her as a vexatious litigator and to overturn the state-courts' denial of leave to proceed on the basis of this designation, *Rooker-Feldman* applies because the sources of Plaintiff's injuries are the state-court's determinations. *See Evans v. Cordray*, 424 F. App'x 537, 538 (6th Cir. 2011) ("If the source of the plaintiff's injury is the state-court judgment itself, then the *Rooker-Feldman* doctrine bars the federal claim." (citation omitted));

*Hamilton v. Herr*, 540 F.3d 367, 372 (6th Cir. 2008) (same); *cf. Hall v. Callahan*, 727 F.3d 450, 454 (6th Cir. 2013) (affirming district court's determination that *Rooker Feldman* barred the plaintiffs' claims seeking a declaration that the state-court's judgment was void, explaining "[i]t would have been impossible to void the state court judgment without 'disturbing' it.")

To the extent Plaintiff seeks to assert a claim for relief under 42 U.S.C. § 1983, her action also fails. Plaintiff fails to identify any federal statute that Ohio's vexatious-litigator statute violates. Moreover, in *Hall*, the United States Court of Appeals for the Sixth Circuit rejected a facial constitutional challenge to Ohio's vexatious-litigator statute, explaining that "although access to courts is a fundamental right, the ability to file frivolous lawsuits is not." 727 F.3d at 456 (citations omitted). Finally, Plaintiff has not alleged facts supporting an as-applied challenge to the statute. Indeed, beyond generically referring to § 1983, Plaintiff fails to offer any allegations supporting a constitutional challenge.

For the foregoing reasons, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims relating to the state court's designation of her as a vexatious litigator. This includes Plaintiff's claims against Defendants DeWine, Dann, and Judges Brown, Weist, and Spitler.

(*Id.* at 5-7.)

The Magistrate Judge then recommended dismissal of Plaintiff's remaining state-law claims against Defendants McIlvain, Bartolic, and Gee on the grounds that the Complaint failed to provide a basis for federal jurisdiction:

The remainder of Plaintiff's Complaint also fails to provide a basis for federal jurisdiction. The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under" the federal laws or the United States Constitution. *Id.* (citation omitted). For a federal court to have diversity jurisdiction pursuant to Section 1332(a), there must be complete diversity, which means that each

plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Plaintiff's claims against the remaining Defendants, Defendants Mcilvaine, Bartolic, and Gee do not satisfy § 1331 because they do not involve alleged violations of federal statutes or alleged deprivations of constitutional rights. Nor do the remaining state-law claims satisfy § 1332(a) given that she advances them against Ohio citizens. Because Plaintiff's remaining claims against Defendants Mcilvaine, Bartolic, and Gee provide no basis for federal jurisdiction, it is **RECOMMENDED** that the Court **DISMISS** these claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 12(h)(3) **WITHOUT PREJUDICE** to filing in state court.

(*Id.* at 7.)

Plaintiff timely filed Objections to the R&R, contesting each of the Magistrate Judge's recommendations. (ECF No. 10.)

## II.   STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (2006); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In the instant case, the Magistrate Judge reviewed Plaintiff's Complaint to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it that violates 28 U.S.C. §1915(e)(2). The Magistrate Judge correctly set forth the standards governing a Court's review of an action under

§ 1915(e), and the Court incorporates those standards by reference. (R&R 3-5, ECF No. 7.)

### III. ANALYSIS

Although Taylor's Objections lack clarity, as best as the Court can discern, Plaintiff advances three objections to the Report and Recommendation. She first objects to the recommended dismissal because she contends that a 42 U.S.C. § 1983 claim "is in itself" a viable claim for relief. (See Pl.'s Objs. 2, 3, ECF No. 10.) In the alternative, Plaintiff submits that the state-court judges and attorneys generally violated her constitutional rights, which she posits supports a valid § 1983 claim. (See id. at 2.) Second, Plaintiff objects to the Magistrate Judge's reliance upon the Rooker-Feldman doctrine, asserting that the doctrine does not apply to "Crime Victim Rights, and the equal protection clause, [and] the right to pursue legal remedy for deprivations of basic human rights." (Id. at 4.) Finally, Plaintiff objects to the finding that there is no diversity jurisdiction between herself and Defendants Mcilvain, Bartolic, and Gee. (See id. at 1.) This Court addresses each objection in turn.

### A.   Plaintiff's Objections Relating to the Section 1983 Claims

Contrary to Plaintiff's assertion, § 1983 only permits recovery when a state or local official violated a federal law. The statute provides a cause of action for plaintiffs who have suffered a "deprivation of rights, privileges, or immunities secured by the Constitution and laws" from a person who acts "under color of any statute, ordinance regulation, custom, or usage, of any State." 42 U.S.C. § 1983

(2006). In other words, § 1983 "does not provide any substantive rights but gives only remedies; it authorizes redress for violations of constitutional and statutory rights." *Havard v. Wayne Cnty*, 436 F. A'ppx 451, 453 (6th Cir. 2011). This means that a plaintiff must identify which federal law state officials violated.

As the Magistrate Judge observed, beyond generically referring to § 1983, Plaintiff fails to offer any allegations supporting a constitutional challenge. The Magistrate Judge also correctly pointed out that the United States Court of Appeals for the Sixth Circuit has rejected a facial challenge to Ohio's vexatious-litigator statute. Plaintiff's conclusory reference to the "United States Constitution, Bill of Rights, Crime Victims Rights, Federal Human Rights, and Civil Rights laws" in her Objections does not suffice to state a § 1983 claim. Accordingly, Plaintiff's objections relating the Magistrate Judge's consideration of her § 1983 claims are **OVERRULED**.

**B.     Plaintiff's Objections Relating to *Rooker-Feldman* Bar**

Plaintiff's contention that the *Rooker-Feldman* doctrine does not apply to "Crime Victim Rights, and the equal protection clause, [and] the right to pursue legal remedy for deprivations of basic human rights" is likewise unavailing. (Pl.'s Objs. 4, ECF No. 10.) Plaintiff has asked this Court to void the state-court's designation of her as a vexatious litigator and to overturn the state-courts' denial of leave to proceed on the basis of this designation. As the Magistrate Judge explained (and which the Court adopts and incorporates by reference), because the source of Plaintiff's injury is the state-court judgment, the *Rooker-Feldman*

doctrine bars Plaintiff's claims. *Hamilton*, 540 F.3d at 372; *Hall*, 727 F.3d at 454. Plaintiff offers no authority to support the proposition that the Constitution, the Crime Victims Rights Act, or any other federal law provide an exception to the doctrine's applicability. Accordingly, Plaintiff's objections relating to the applicability of the *Rooker-Feldman* doctrine are **OVERRULED**.

### C. Plaintiff's State-Law Claims Against Mcilvain, Bartollic, and Gee

Plaintiff's final objection is well-taken. The Magistrate Judge found that Plaintiff's remaining state-law claims did not provide a basis for federal jurisdiction given the absence of diversity between Defendants and Plaintiff. In her Objections, Plaintiff points out that she is a Florida resident and that the remaining Defendants, Defendants Mcilvain, Bartollic, and Gee, are all Ohio residents. Given that the amount in controversy exceeds $75,000, the Court agrees that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Accordingly, Plaintiff's final objection is **SUSTAINED**.

The Court will therefore proceed to analyze Plaintiff's state-law claims against Defendants Mcilvain, Bartollic, and Gee under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

### 1. Claims Against Defendant Mcilvain

Plaintiff's claim against Defendant Mcilvain is time barred. In Ohio, a plaintiff must bring a personal injury claim within two years of the injury. *See Nadra v. Mbah*, 893 N.E.2d 829, 834 (Ohio 2008) (citing Ohio Rev. Code § 2305.10(A) (2010); *Love v. Port Clinton,* 524 N.E.2d 166 (Ohio 1988)). This two-year statute of limitations "is not confined to any particular type of injury, nor does it concern itself with the circumstances under which an injury was inflicted. On its face, it clearly covers all actions based on a claim respecting bodily injury." *Nadra*, 893 N.E.2d at 834 (citing *Andrianos v. Community Traction Co.*, 97 N.E.2d 549 (Ohio 1951)). Here, Plaintiff seeks to bring a personal injury claim arising from injuries she sustained after Defendant Mcilvaine allegedly hit her with his vehicle. Although Plaintiff does not provide a specific date when this alleged incident occurred, she does allege that she has "spent the last 6 years trying to heal from this accident." *Id.* Thus, the incident occurred approximately six years prior to when Plaintiff filed this action. Because Plaintiff filed this action more than four years after the statute of limitations expired, her claim against Defendant Mcilvaine is **DISMISSED** pursuant to § 1915(e)(2).

### 2. Claims Against Defendant Bartolic

Plaintiff has likewise failed to state cognizable claim against Defendant Bartolic. Plaintiff's claim against Defendant Officer Bartolic arises from his purported failure to investigate her alleged incident in which Defendant Mcilvaine hit her with his vehicle. Such a failure-to-investigate claim, however, is not

cognizable in Ohio. See *Reckman v. Keiter*, 164 N.E.2d 448, 450 (Ohio App. 1959) ("A sheriff, [while] investigating an automobile highway accident, owes [no] duty to a person injured in the accident to secure the name and address of a driver or owner of a vehicle involved in the accident, and is not liable in damages to such injured person"); see also *Clemets v. Heston*, 485 N.E.2d 287, 293 (Ohio App. 1985). Because Ohio does not recognize the claim Plaintiff seeks to assert against Defendant Bartolic, Plaintiff's claim against Defendant Bartolic is **DISMISSED** pursuant to § 1915(e)(2).

### 3. Plaintiff's Claims Against Former Ohio State University President Gordon Gee

Plaintiff's final state-law claim against Defendant Gee is barred under the Eleventh Amendment. Plaintiff's claims against Defendant Gee arise from his alleged failure to protect Plaintiff from hate mail and sexual assault on The Ohio State University campus. This Court assumes that Plaintiff brings suit against Gee in his official capacity given that he has no duty to protect Plaintiff in his individual capacity.

The Eleventh Amendment of the United States Constitution operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cnty.*, 211 F.3d 331, 334 (6th Cir. 2000). Pursuant to Ohio Revised Code § 2743.03(A)(1), claimants who seek relief against the state must first file an action in the Ohio

Court of Claims. Ohio's waiver of immunity in the Court of Claims does not constitute a waiver of its Eleventh Amendment immunity from suit in federal court. *Johns v. Supreme Court of Ohio*, 753 F.2d 524, 527 (6th Cir. 1985) (citing *Edelman v. Jordan*, 415 U.S. 651, 677 n.19 (1974)).

Applied here, the Ohio Court of Claims has exclusive, original jurisdiction over Plaintiff's proposed state-law claim against Defendant Gee in his official capacity as The Ohio State University President. *See Hall v. Med. College of Ohio at Toledo*, 742 F.2d 299, 302 (6th Cir. 1984) (The Ohio State University is an immune instrumentality of Ohio); *Bailey v. Ohio State Univ.*, 487 F.Supp. 601, 604–06 (S.D. Ohio 1980) (determining that The Ohio State University is the alter-ego of the State of Ohio for Eleventh Amendment purposes); *Al-Marayati v. Univ. of Toledo*, 884 F.2d 578 (6th Cir. 1989) (holding that the president of a state university, acting in official capacity as president, is "clothed with immunity under the Eleventh Amendment"). Accordingly, Plaintiff's claim against Defendant Gee is **DISMISSED** pursuant to § 1915(e)(2).

## IV. CONCLUSION

Having performed a *de novo* review of the Report and Recommendation, the Court finds that all of Plaintiff's claims must be dismissed. With the exception of the Magistrate Judge's finding that this case lacks diversity jurisdiction, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Report and Recommendation. Accordingly, for the reasons set forth in the Report and Recommendation and this Opinion and Order, Plaintiff's Complaint is

**DISMISSED** for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**